UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMARYLLIS FAYE JOHNSON,

    Plaintiff,

v.

ASCENSION PROVIDENCE
HOSPITAL, SOUTHFIELD;
ASCENSION PROVIDENCE
HOSPITAL, d/b/a ASCENSION
PROVIDENCE HOSPITAL,
SOUTHFIELD; HOPE AT HOME
CARE SERVICES; HELPING HAND
HOME HEALTHCARE, LLC, d/b/a
HOPE AT HOME CARE SERVICES;
ASCENSION PROVIDENCE
HOSPITAL, NOVI; ASCENSION
PROVIDENCE HOSPITAL, d/b/a
ASCENSION PROVIDENCE
HOSPITAL, NOVI,

    Defendants.

Civil No. 24-13015

Honorable Terrence G. Berg

Magistrate Judge Kimberly G. Altman

**STIPULATED ORDER OF REMAND**

Plaintiff Amaryllis Faye Johnson and the Secretary of the United States Department of Health and Human Services (HHS), as an interested party, agree that this case should be remanded to Oakland County Circuit Court, State of Michigan. In support, the parties state as follows:

1.      Plaintiff sued the above-named Defendants in state court for medical malpractice and negligence related to medical treatment that she received. *See Amaryllis Faye Johnson v. Ascension Providence Hospital, Southfield, et al.*, No. 2023-201678-NH (Oakland County Cir. Ct., Mich.). A settlement has been reached between Plaintiff and Defendants.

2.      The U.S. Centers for Medicare & Medicaid Services (CMS), an agency of the United States of America, has an interest in the settlement proceeds and against Plaintiff as recipient thereof, as Medicare conditionally paid for medical care to treat Plaintiff's injuries. *See* 42 U.S.C. § 1395y(b)(2)(B).

3.      Plaintiff filed a motion in state court asking the court to determine the validity of the "Medicare lien" or, alternatively, to "extinguish" it. (ECF No. 1, PageID.51–56.)

4.      On November 14, 2024, the United States removed the matter to this Court pursuant to 28 U.S.C. § 1442(a)(1), which authorizes removal by the United States or an agency of the United States of matters "for or relating to . . . any right, title or authority claimed under any Act of Congress for the . . . collection of the revenue."

5.      Plaintiff and CMS have now resolved their dispute over CMS's right to recover a portion of Plaintiff's settlement proceeds.

Accordingly, Plaintiff's motion to determine the validity of the Medicare lien or, alternatively, to extinguish it (ECF No. 1, PageID.51–56) will be **DENIED** with prejudice, and this matter is **REMANDED** to Oakland County Circuit Court, State of Michigan.

**IT IS SO ORDERED.**

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

Date: March 25, 2025

SO STIPULATED AND AGREED:

| | |
|---|---|
| OLIVER LAW FIRM | JULIE A. BECK<br>Acting U.S. Attorney |
| */s/ Andrew J. Paluda* | */s/ Benjamin A. Anchill* |
| ANDREW J. PALUDA (P42890)<br>18927 Farmington Rd.<br>Livonia, MI  48152<br>(248) 477-1900<br>andy@oliverinjurylaw.com<br>*Attorneys for Plaintiff* | BENJAMIN A. ANCHILL (P70968)<br>Assistant United States Attorney<br>211 W. Fort Street, Suite 2001<br>Detroit, Michigan 48226<br>(313) 226-9566<br>benjamin.anchill@usdoj.gov<br>*Attorneys for HHS* |
| Dated: March 25, 2025 | Dated: March 25, 2025 |